# SWAN NELSON v. CONSUMERS STORE COMPANY.[1]

December 16, 1927.

No. 26,339.

**Finding of negligence sustained by evidence.**
> The evidence is sufficient to sustain the finding that the accident was caused by defendant's negligence and resulted in the fracture of plaintiff's fourth cervical vertebra.

Appeal and Error, 4 C. J. p. 858 n. 3.
Motor Vehicles, 42 C. J. p. 1288 n. 35.

Defendant appealed from an order of the district court for St. Louis county, Freeman, J. denying its alternative motion for judgment or a new trial. Affirmed.

*L. H. Dow* and *A. A. Toivonen,* for appellant.

*Gannon, Strizich & Farnand* and *Frank P. Shannon,* for respondent.

TAYLOR, C.

Action for personal injuries sustained in an automobile collision. Verdict for plaintiff for $10,000. The court denied defendant's alternative motion for judgment or a new trial, and it appeals.

Defendant contends that the evidence did not justify the jury in finding that the collision was caused by the negligence of the driver of its truck, and that the verdict is excessive.

Plaintiff resides with his family on a farm about 35 miles northwest of Hibbing. At the time of the accident he was on his way to Hibbing riding as a passenger in a Ford runabout owned and driven by Martin Brosius. Near Hibbing the highway, which is paved and much traveled, passes along the east side of a collection of houses located on unplatted land. A private alley or driveway leading to the highway passes along the southerly side of a building which obstructs the view between persons on the driveway and those

[1]Reported in 216 N. W. 803.

approaching from the north on the highway. As the car in which plaintiff was riding reached this driveway defendant's delivery truck came out of the driveway and a collision resulted in which plaintiff was seriously injured. As is usual in such cases, each driver claims that he was free from negligence and that the accident resulted from the negligence of the other. Defendant stresses the evidence tending to sustain its contention; but as the jury has found against it the question here is whether the evidence in support of the claim of plaintiff is sufficient to sustain the verdict. The evidence as to the manner in which the collision occurred and how it happened is conflicting, and clearly made the question of negligence on the part of defendant a question for the jury. Consequently their verdict must stand.

Whether plaintiff had sustained a fracture of the transverse process of the fourth cervical vertebra was the important fact in dispute bearing upon the question of the amount of damages. Defendant bases its claim that the verdict is excessive upon the claim that the evidence does not justify a finding that the vertebra is fractured. X-ray photographs were taken by both parties. Three physicians who took or examined such photographs and also examined plaintiff testified that the transverse process had been fractured and moved out of place. Three other physicians who took or examined other X-ray photographs and also examined plaintiff testified that they could find no evidence of such fracture or displacement. All found that there was a limitation of the normal movements of the neck. In this condition of the evidence we cannot disturb the conclusion reached by the jury.

We find no other questions requiring special mention, and the order appealed from is affirmed.